QUESTION: May a city enter into an agreement with a county for the joint operation of recreational facilities and programs on lands owned by the county and located outside city boundaries and expend municipal funds therefor?
SUMMARY: The City of Stuart has authority to enter into an agreement with Martin County for the joint operation of recreational facilities and programs on land owned by Martin County and located outside city boundaries and to expend properly budgeted and appropriated municipal funds therefor. Article VIII, s. 2(c), State Const., provides that "[m]unicipal annexation of unincorporated territory, merger of municipalities, and exercise of extra-territorial powers by municipalities shall be as provided by general or special law." (Emphasis supplied.) See also s.166.021(3)(a), F.S., stating that the legislative body of each municipality has the power to enact legislation concerning any subject matter upon which the State Legislature may act, except, inter alia, "[t]he subjects of annexation, merger, and exercise of extraterritorial power, which require general or special law pursuant to s. 2(c), Art. VIII of the state constitution;" and s.166.021(4), F.S., providing that nothing in Ch. 166, id., "shall be construed to permit any changes in a special law or municipal charter which affect the exercise of extraterritorial powers . . . without approval by referendum of the electors as provided in s.166.031." (Emphasis supplied.) Applying these constitutional and statutory provisions to the instant inquiry, the City of Stuart, in order to participate in the operation of recreational facilities or programs on lands owned by Martin County and located outside of the city's boundaries, must be authorized to do so by general or special law other than Ch. 166, F.S., the Municipal Home Rule Powers Act. In this regard, s. 418.02, F.S., states in pertinent part that: The governing body of any such municipality or county may dedicate and set apart for use as playgrounds and recreaton centers and other recreation purposes, any lands or buildings, or both, owned or leased by such municipality or county and not dedicated or devoted to another or inconsistent public use; and such municipality or county, may, in such manner as may now or hereafter be authorized or provided by law for the acquisition of lands or buildings for public purposes by such municipality or county, acquire or lease lands or buildings, or both, within or beyond the corporate limits of such municipality or county, for playgrounds, recreation centers and other recreational purposes and when the governing body of the municipality or county so dedicates, sets apart, acquires or leases lands or buildings for such purposes, it may, on its own initiative, provide for their conduct, equipment, and maintenance according to provisions of this chapter, by making an appropriation from the general municipal or county funds. (Emphasis supplied.) Moreover, s. 418.05, F.S., provides that: Any two or more municipalities or counties may jointly provide, establish, maintain and conduct a recreation system and acquire property for and establish and maintain playgrounds, recreation centers and other recreational facilities and activities. Any school board may join with any municipality in conducting and maintaining a recreation system. When read together, I am of the opinion that these provisions authorize a municipality to enter into an agreement with a county for the joint operation of recreational facilities and programs. The fact that the land on which such facilities and programs are operated is outside municipal boundaries or is owned by the county should not, ipso facto, render such joint operation invalid or prevent the expenditure of properly budgeted and appropriated municipal funds therefor. Cf. AGO 045-152, Biennial Report of the Attorney General, 1945-46, p. 552. Also cf. AGO's 074-318 and 073-243; and Peavy- Wilson Lumber Co. v. Brevard County, 31 So.2d 483 (Fla. 1947). Your question is answered in the affirmative.